IN THE MATTER OF EARL P. GRIPENTROG, ATTORNEY AT LAW

No. 12297

February 22, 1980

## ORDER

The State Bar of Nevada, Southern Disciplinary Board, having submitted the findings and recommendations of its hearing panel in the above-entitled matter, and no appeal therefrom having been filed by respondent Earl Gripentrog, we hereby authorize, pursuant to SCR 102(6), SCR 105(3)(a), and SCR 121, the publication of the following letter of reprimand:

*Earl P. Gripentrog,* Attorney at Law, 300 E. Fremont Street, Suite No. 109, Las Vegas, Nevada   89101

You were charged by the State Bar with unethical conduct in your dealings with a prosecution witness. Formal hearings were held on these charges by a panel of the Southern District Disciplinary Board.

The hearing panel found that you engaged in unethical conduct in connection with the following circumstances. On June 19, 1979, you were in a courthouse corridor with your clients awaiting their preliminary hearing. One of your clients brought you into conversation with the alleged victim of the offenses charged against your clients. You were made aware that the victim had been brought to Nevada from California at State expense by the prosecution to testify at the preliminary hearing. You knew that the alleged victim had been escorted to the courthouse by the prosecutor. You inquired of the alleged victim whether he had been subpoenaed and, if so, how. When he advised you that a subpoena had been mailed to him in California, you advised him that the subpoena was invalid and that he was under no compulsion to remain for the hearing and could leave without getting in trouble. At the time you gave him this advice, you knew that if you informed him to that effect, he

214

would not appear at the preliminary hearing but would leave the courthouse and the jurisdiction, which he did. At no time did you advise the alleged victim to consult with anyone else nor did you inform the prosecutor of what had transpired. When the preliminary hearing was called, the prosecutor moved for a continuance on the grounds that an essential witness, namely the alleged victim, had disappeared from the courthouse corridor. You responded with a motion to dismiss the case for the absence of that same essential witness.

The hearing panel concluded that your conduct violated Supreme Court Rule 189 and Disciplinary Rules 1-102A5 and 7-109B. Your advice to the alleged victim was intended to, and did, cause that person to depart without notice, making his testimony unavailable. Your actions in this instance constituted conduct prejudicial to the administration of justice for which you should be reprimanded.

It was the recommendation of the hearing panel that you be given this public letter of reprimand and further be assessed all direct costs of the hearings. You are directed to make arrangements with the executive director of the State Bar of Nevada to pay the direct costs within 60 days from the date of publication of this public letter of reprimand.

Your conduct has brought discredit and dishonor on the legal profession. Every lawyer must shoulder the obligation of upholding the honor and integrity of his profession. Your conduct is inexcusable. Your conduct cannot and will not be condoned. You have been a member of our profession for a number of years and this makes your conduct all the more reprehensible. You obviously knew better, yet still you chose to pursue this unacceptable course of conduct. The legal profession and the State Bar of Nevada must at all times zealously guard the standards of professional conduct so that those in need of legal services may approach this profession with confidence that all will be competently and ethically represented.

DATED this 23rd day of November, 1979.

*Pat Fitzgibbons,* Chairman, Southern Nevada Disciplinary Board.

We further authorize the assessment of costs as recommended, pursuant to SCR 105(3)(a) and SCR 120.

It is so ORDERED.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ.